**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

PIERRE L. TAYLOR,

        Plaintiff,                            Case. No. 2:21-cv-11675

v.                                                  Hon. Nancy G. Edmunds

OFFICER FLORENCE, et al.,

        Defendants.
_____/

**OPINION AND ORDER OF SUMMARY DISMISSAL**

Plaintiff Pierre L. Taylor, currently confined at the Woodland Center Correctional Facility in Whitmore Lake, Michigan, filed this *pro se* civil rights complaint against two Michigan Department of Corrections officers in their official and individual capacities. Plaintiff alleges Defendants violated his constitutional rights by directing him to wear a "PPE gown" that was not clean and had been used by other inmates. Plaintiff also complains he was placed on COVID "close contact" status for nineteen days, when other inmates were placed in that status for only five to fourteen days. He seeks monetary damages.

Because the conduct Plaintiff complains of does not rise to the level of an Eighth Amendment or Equal Protection violation, Plaintiff has failed to state a claim upon which relief may be granted. The complaint will be dismissed.

**I.    BACKGROUND**

Plaintiff Taylor has sued two corrections officers, Nevens and Florence. On February 3, 2021, Nevens told Plaintiff to put on a PPE (personal protective equipment) gown that was on the floor, knowing it was not clean and that other inmates had used it.

(Pet., ECF No. 1, PageID.4.) Plaintiff asked for a new gown but was denied. (*Id.*) Florence later told Plaintiff to put on the same gown. (*Id.*) Neither officer tried to obtain a clean gown for Plaintiff, even though the facility had plenty of new gowns. (*Id.*)

Plaintiff also alleges he was placed on COVID "close contact" status for nineteen days. (*Id.*) He does not state who placed him in that status. He notes that other inmates placed in "close contact" typically remained there for only five to fourteen days. (*Id.*) He received no explanation why his time was longer than others'. (*Id.*)

Plaintiff does not allege he tested positive for COVID-19. Nor does he report any other injury resulting from Defendants' conduct.

## II.   LEGAL STANDARD

A civil complaint filed by a prisoner proceeding *pro se* is subject to the screening requirements of the Prison Litigation Reform Act ("PLRA"). 28 U.S.C. §§ 1915(e)(2), 1915A(b); *see also Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000). The Act requires district courts to dismiss complaints that are frivolous, fail to state a claim upon which relief can be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013).

A complaint is frivolous and subject to *sua sponte* dismissal under § 1915(e) if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). To determine whether a plaintiff has failed to state a claim, a court must "construe his complaint in the light most favorable to him, accept his factual allegations as true, and determine whether he can prove any set of facts that would entitle him to relief." *Wershe*

v. Combs, 763 F.3d 500, 505 (6th Cir. 2014) (quoting *Harbin–Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005)). In addition, a *pro se* civil rights complaint is to be construed liberally. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A complaint fails to state a claim upon which relief could be granted when it is clear that the plaintiff can prove no set of facts consistent with the allegations that would entitle him to relief." *Flanory v. Bonn*, 604 F.3d 249, 252–53 (6th Cir. 2010) (citing *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir.1993)). The complaint must allege more than "the mere possibility of misconduct"; rather, it must establish "a plausible claim for relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

To state a civil rights claim under 42 U.S.C. § 1983, "a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (citation omitted).

### III.   DISCUSSION

Neither of Plaintiff's claims – being forced to don a used, dirty gown, and being placed on "close contact" status longer than most inmates – state a claim upon which relief may be granted. The complaint fails to allege misconduct that would establish a "plausible claim for relief." *Iqbal*, 556 U.S. at 679.

"The Eighth Amendment prohibition on cruel and unusual punishment protects prisoners from the unnecessary and wanton infliction of pain." *Rafferty v. Trumbull Cty.*,

3

*Ohio*, 915 F.3d 1087, 1093 (6th Cir. 2019) (citing *Villegas v. Metro. Gov't of Nashville*, 709 F.3d 563, 568 (6th Cir. 2013)). But under the PLRA, a plaintiff seeking to establish an Eighth Amendment violation must allege physical injury, which "'need not be significant,' but . . . 'must be more than de minimis for an Eighth Amendment claim to go forward.'" *Wallace v. Coffee Cty., Tenn.*, 852 F. App'x 871, 878 (6th Cir. 2021) (citing *Flanory v. Bonn*, 604 F.3d 249, 254 (6th Cir. 2010)). Here, Plaintiff has alleged no injury, physical, mental, or emotional, from being directed to don a used gown.

Plaintiff's claims of being held in "close contact" status for a time period longer than most other inmates also fails to state a claim. Prisoners' liberty interests, which would protect them from due process violations, are narrower than those of non-incarcerated citizens because "lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying [the] penal system." *Grinter v. Knight*, 532 F.3d 567, 573 (6th Cir. 2008) (quoting *Sandin v. Conner*, 515 U.S. 472, 485 (1995)). As a result, "'the Constitution itself does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement.'" *Id*. (quoting *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005)).

Under *Sandin* and its progeny, prison officials' actions are evaluated to determine whether they "impose[] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Wilkinson*, 545 U.S. at 223 (citing *Sandin*, 515 U.S. at 484). The *Sandin* Court held a thirty-day confinement in segregation was not unconstitutional "because it did not 'present a dramatic departure from the basic conditions of [the inmate's] sentence.'" *Id*. (citing *Sandin*, 515 U.S. at 485).

Here, Plaintiff complains of placement in "close contact" status for a period of nineteen days. This time period is less than the thirty-day period found not to offend the Constitution in *Sandin*. Further, Plaintiff does not describe "close contact" status, and thus gives the Court no basis from which to conclude its conditions impose an "atypical and significant hardship" or a "dramatic departure" from basic prison conditions. *Sandin*, 515 U.S. at 484, 485.

Plaintiff's allegation that he was in "close contact" longer than most other inmates also fails to establish an equal protection violation. "[T]he Equal Protection Clause 'prohibits discrimination by government which either burdens a fundamental right, targets a suspect class, or intentionally treats one differently than others similarly situated without any rational basis for the difference.'" *Franks v. Rubitschun*, 312 F. App'x 764, 765 (6th Cir. 2009) (*TriHealth, Inc. v. Bd. of Comm'rs, Hamilton County, Ohio*, 430 F.3d 783, 788 (6th Cir. 2005)). Plaintiff provides no facts from which the Court may discern that he was discriminated against as a member of a protected class or that he received arbitrary treatment.

## IV. ORDER

For the reasons stated above, Plaintiff has failed to state a claim upon which relief may be granted. The complaint is SUMMARILY DISMISSED. 28 U.S.C. §§ 1915(e)(2), 1915A(b).

**SO ORDERED**.

                                             s/ Nancy G. Edmunds
                                             NANCY G. EDMUNDS
                                             UNITED STATES DISTRICT JUDGE

Dated:  October 28, 2021